# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# URBANA DIVISION

___

| | |
|---|---|
| **EDWARD C. LASCOLA,** ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Case No. 13-CV-3337 |
| ) | |
| **RICK HARRINGTON, Warden,** ) | |
| ) | |
| Respondent. ) | |

## OPINION

On September 23, 2013, Petitioner, Edward C. Lascola, filed a pro se Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (#1). The Government filed its Answer and Affirmative Defenses (#6) on February 3, 2014. On February 24, 2014, Petitioner filed his Reply (#7). Petitioner also filed a Motion to Request Counsel (#8) and two nearly identical Motions for Stay (#9) and (#11). The Government filed a Response (#12) to Petitioner's Motions for Stay on March 13, 2014.

This court has carefully and throughly reviewed the arguments of the parties and the documents provided. This court has also reviewed the record in Petitioner's criminal case. Following this careful consideration, Petitioner's pro se Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (#1), Request for Counsel (#8), and Motions for Stay (#9) and (#11) are DENIED.

## FACTS

Petitioner was convicted in the Circuit Court of Logan County, Illinois, of first degree murder following the death of the infant child of his girlfriend, Kimberly Williams. At trial, Dr. Travis Hindman, a pathologist who performed an autopsy on the infant, had testified that it was

his opinion that the infant's injury was caused by broad-surface blunt trauma of the lower chest and upper abdominal region. Dr. Hindman stated that the infant had died at least 1 ½ to 2 ½ hours prior to her arrival at the hospital. Dr. Charles Sims had also testified that the infant was already dead when she arrived at the hospital. Dr. Sims further noted that the infant appeared to be underdeveloped for her age.

While the State was not able to present any eyewitness evidence to establish the fatal blow that could have caused the injury, it did present testimony from several people who saw Petitioner take the infant into his bedroom the day of her death. Thereafter, the witnesses saw Petitioner close the bedroom door and they heard a loud thud. The infant was heard crying after the thud, however, the crying later subsided. Williams entered the bedroom after hearing the thud. Petitioner told her not to touch the infant because she was all right. Some time later, Williams noticed the infant was not breathing and took her to the emergency room in an apparent state of panic.

The State also presented testimony from Boren Johnson, a fellow inmate with Petitioner at the Logan County jail. Johnson testified that Petitioner told him that he had meant to hit the victim in the leg and missed, hitting her in the midsection. Other testimony established that Petitioner had been abusive towards the infant prior to her death on May 27, 2001.

Following his conviction, Petitioner appealed, arguing that: (1) trial counsel had a conflict of interest; (2) admission of evidence of his other bad acts or crimes deprived him of a fair trial; (3) admission of hearsay evidence deprived him of a fair trial; and (4) the evidence was insufficient to establish his mental state and support his conviction. The Illinois Appellate Court affirmed Petitioner's conviction. *People v. Lascola*, No. 4-02-1037 (Ill. App. Ct. 2004)

(unpublished order under Illinois Supreme Court Rule 23). With respect to its decision on Petitioner's insufficient evidence claim, the Illinois Appellate Court noted that it would uphold the conviction if it found that the evidence, when viewed in the light most favorable to the prosecution, could allow any rational trier of fact to find the elements of the crime beyond a reasonable doubt. After its review, the court determined that a rational trier of fact could have found Petitioner guilty based on the evidence presented at trial. On November 24, 2004, the Illinois Supreme Court denied a petition for leave to appeal. *People v. Lascola*, No. 99077 (Ill. 2004).

On May 27, 2005, Petitioner filed a pro se postconviction petition. The petition raised four claims:

(1) Trial counsel was ineffective for failing to: (i) move to quash the indictment; (ii) correct and renew the motion for change of venue; (iii) move to suppress witness statements; (iv) object to the absence of black venire members; (v) object to damaging character testimony; (vi) object to the admission of grand jury testimony; and (vii) challenge false testimony about the treatment of the victim that was refuted by medical records;

(2) The prosecution presented testimony to the grand jury that was contradicted by its own expert reports;

(3) The prosecution used false testimony regarding the treatment of the victim; and

(4) The prosecution misstated in closing argument that Petitioner had a motive to hurt the victim because he was jealous of her father.

Counsel was appointed to represent Petitioner. Counsel filed an amended postconviction

petition, adding a new argument that trial counsel was ineffective for failing to: (i) procure the appointment of an investigator to assist in petitioner's defense; (ii) procure a forensic pathologist expert; (iii) object to the admission at trial of grand jury testimony; and (iv) survey potential jurors in support of the change of venue motion.

The State moved to dismiss the petition. The trial court granted the State's motion and dismissed the postconviction petition. On appeal, the Illinois Appellate court reversed the dismissal. *People v. Lascola*, No. 4-07-0509 (Ill. App. Ct. 2009) (unpublished order under Illinois Supreme Court Rule 23). Thereafter, Petitioner, with new counsel, filed an amended postconviction petition raising three claims:

> (1) Trial counsel was ineffective for failing to: (i) correct and renew a motion for change of venue; (ii) move to suppress witness statements; (iii) object to damaging character testimony; (iv) object to the admission of grand jury testimony; and (v) challenge evidence contradicted by medical records;
>
> (2) The prosecution used false testimony; and
>
> (3) The prosecution misstated in its closing argument that Petitioner had a motive to hurt the victim because he was jealous of her father.

The State moved to dismiss the amended petition, and the trial court granted the motion. Petitioner then appealed, raising only two claims: (1) trial counsel was ineffective for failing to file an adequate change of venue motion; and (2) postconviction counsel was ineffective for failing to attach documents to support the amended petition's allegations. The Illinois Appellate Court affirmed the dismissal. *People v. Lascola*, 2012 IL App (4th) 110234. On January 30, 2013, the Illinois Supreme Court denied Petitioner's petition for leave to appeal. *People v.*

4

*Lascola*, No. 115319 (Ill. 2013).

Instant Litigation

On September 23, 2013, Petitioner filed a Petition (#1) under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. In it, Petitioner raised four claims:

(1) Trial counsel was ineffective for failing to move to suppress witness statements;

(2) The prosecution knowingly used false testimony, and trial counsel was ineffective for failing to raise the issue;

(3) The prosecution misstated in closing argument that Petitioner had a motive to hurt the victim because he was jealous of her father; and

(4) The evidence was insufficient to support Petitioner's conviction.

The Government filed an Answer and Affirmative Defenses (#6) on February 3, 2014. Petitioner also filed a Motion to Request Counsel (#8) and two nearly identical Motions to Stay (#9) and (#11). The Government filed its Response (#11) to the Motions to Stay on March 13, 2014. All motions are fully briefed and ready to be ruled on.

ANALYSIS

Request for Counsel

Petitioner filed a Motion to Request Counsel (#8) on February 24, 2014. In it, Petitioner claimed that he was not well versed in the law and would have a hard time representing himself. It is within this court's discretion to determine whether to request counsel to represent Petitioner. See *Farmer v. Haas*, 990 F.2d 319, 323 (7th Cir. 1993). After careful consideration, this court denies Petitioner's Motion to Request Counsel (#8) because Petitioner has demonstrated that he can adequately state and understand his claims.

Motions for Stay

Petitioner filed two Motions for Stay on February 24, 2014 (#9) and February 27, 2014 (#11). The two motions are basically identical. In both motions, Petitioner requests that this court stay the petition while he attempts to file a successive postconviction petition in state court which would raise the grounds Petitioner abandoned in the appeal of his amended postconvicton petition and a claim of actual innocence. The Government filed a Response (#12) to the motions on March 13, 2014.

While it is possible for this court to grant a stay, it will do so only in limited circumstances. See *Rhines v. Weber*, 544 U.S. 269, 277 (2005). The Supreme Court has found that a stay in habeas cases is only appropriate when the district court determines that there was good cause for petitioner's failure to exhaust his claims in state court and where his claims are not plainly meritless. *Rhines*, 544 U.S. at 277.

In this case, the record clearly establishes that Petitioner raised the first three claims in his § 2254 petition in an amended postconviction petition before abandoning those claims on appeal. Further, the record does not show that Petitioner ever brought a claim of actual innocence before the Illinois Supreme Court. Petitioner attempts to establish good cause for this failure by arguing in his reply brief that postconviction counsel was ineffective for failing to raise these issues on appeal. However, negligence of this sort on the part of Petitioner's postconviction counsel does not qualify as cause to grant a motion to stay. See *Maples v. Thomas*, 132 S.Ct 912, 922 (2012). Because of this, and because Petitioner has not presented any other evidence related to his failure to raise these claims before the Illinois Supreme Court, this court cannot find that there was good cause for Petitioner's failure to exhaust the claims in

state court proceedings.  Therefore, Petitioner's Motions for Stay (#9) and (#11) are denied.

Habeas Corpus

On September 23, 2014, Petitioner filed his Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (#1).  Petitioner raised four grounds: (1) trial counsel was ineffective for failing to move to suppress the alleged confessions of three witnesses; (2) the prosecution knowingly used false testimony; (3) the prosecution engaged in misconduct by supplying the jury with a motive the State knew was false during closing arguments; and (4) the evidence was insufficient to prove Petitioner guilty beyond a reasonable doubt.  On February 2, 2014, the Government filed its Answer and Affirmative Defenses (#6).  The Government argued that the first three claims raised by Petitioner were defaulted because they were not exhausted in state court proceedings and that the fourth claim fails on its merits.  Petitioner filed a Reply (#7) on February 24, 2014, arguing that he was not aware that his claims would be defaulted if he had not exhausted them in state court and that he had presented sufficient evidence to support his claim of actual innocence.

Claims 1-3

28 U.S.C. § 2254(b)(1)(A) states that "An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -- the applicant has exhausted the remedies available in the courts of the State[.]" An applicant "shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."  28 U.S.C. § 2254(c).  The Supreme Court has

found that § 2254(c) only requires that state prisoners give state courts a fair opportunity to act on their claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). Based on the above requirements, state prisoners must give the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.,* at 845. In Illinois, state prisoners do not have a right to review in the Illinois Supreme Court, but they do have the right to raise their claims through a petition for discretionary review with the court. *Id.* Therefore, § 2254(c) requires Illinois prisoners to, at the very least, raise the issue before the Illinois Supreme Court in a petition for leave to appeal. *Id.*

Here, it is undisputed that Petitioner raised the first three issues in a postconviction petition, however, he abandoned those issues on appeal. Therefore, those claims are defaulted. See *O'Sullivan*, 526 U.S. at 844. Petitioner can, however, avoid procedural default if he can establish one of two limited exceptions: (1) cause for the default and actual prejudice as a result of the alleged violation of federal law; or (2) that the failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722 (1991). In this case, Petitioner only argues that he was unaware that his claims could be defaulted and that it was appellate counsel's fault that the claims were not raised on appeal. Neither of these arguments preclude a finding that the claims are defaulted. See *Coleman*, 501 U.S. at 750; *Maples*, 132 S.Ct at 922 (an attorney is the client's agent, and under well settled principles of agency law, the client bears the risk of negligent conduct on the part of his attorney). Therefore, because Petitioner failed to raise these claims in the Illinois Appellate Court and then before the Illinois Supreme Court, this court must conclude that the exclusion doctrine applies and Petitioner's first three claims are defaulted.

Claim 4

Petitioner's final claim alleges that the evidence presented at trial was insufficient to prove him guilty beyond a reasonable doubt. Petitioner did raise the issue of insufficient evidence before the Illinois Supreme Court, therefore it is not procedurally defaulted. However, that is not the end of this court's inquiry. When a petition includes a claim that has been adjudicated on the merits in State court proceedings, it will only be granted if the adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2); *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398 (2011). This is a difficult standard to meet and demands that the state court decision be given the benefit of the doubt. *Cullen* 131 S.Ct. at 1398. In order to prevail on this claim, Petitioner must offer clear and convincing evidence that the state court's factual determination was wrong. *Montgomery v. Uchtman*, 426 F.3d 905, 912 (7th Cir. 2005).

When reviewing a challenge to the sufficiency of the evidence, an appellate court will not retry defendant; rather, the court must determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *People v. Collins*, 106 Ill. 2d 237, 261 (1985). In this case, the Illinois Appellate Court applied the above rule when it determined that the evidence was sufficient to support Petitioner's conviction. The court made its ruling after concluding that the jury could have found Petitioner guilty based on the evidence presented at trial which included testimony of an inmate who stated that Petitioner confessed that he hit the victim, testimony from witnesses who saw Petitioner take the victim into his bedroom and then heard a loud thud, and an expert who testified that the most

likely time of death coincided with the prosecution's time line.

This court will not overturn a state court decision rejecting a challenge to the sufficiency of the evidence simply because it disagrees with the sate court; instead, this court can only do so if the state court's decision was objectively unreasonable. *Coleman v. Johnson*, 132 S.Ct. 2060, 2062 (2012). After this court's review of the arguments, trial court record, and appellate court decision, it cannot find that the Illinois Appellate Court's finding that the evidence was sufficient was objectively unreasonable. Further, Petitioner has presented no evidence which clearly and convincingly establishes that the appellate court's decision was wrong. Importantly, Petitioner's contention that the evidence could not have been sufficient because it was all circumstantial must fail. See *United States v. Wasson*, 679 F.3d 938 (2012) (a conviction can be based entirely on circumstantial evidence). Therefore, this court finds that the determination by the Illinois Appellate Court was not based on an unreasonable determination of the facts in light of the evidence presented. As such, Petitioner's habeas corpus petition cannot be granted for the reasons stated in his fourth claim. See 28 U.S.C. § 2254(d)(2).

Certificate of Appealability

This court has concluded that three of the four claims in Petitioner's petition were defaulted. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This court concludes that jurists of reason would

not find it debatable whether the first three issues raised in Petitioner's petition were barred by procedural default. Therefore, a COA is not warranted for those claims. With regard to the fourth claim which was not defaulted, a COA may issue only if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This court concludes that Petitioner has not made a substantial showing of a denial of a constitutional right with respect to his sufficiency of the evidence claim. Therefore, this court finds that a COA is unwarranted for that claim as well.

IT IS THEREFORE ORDERED THAT:

(1) Petitioner's Motion to Request Counsel (#8) is DENIED.

(2) Petitioner's Motions for Stay (#9) and (#11) are DENIED.

(3) Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (#1) is DENIED.

(4) A certificate of appealability is DENIED.

(4) This case is terminated.

ENTERED this 21st day of May, 2014

s/ COLIN S. BRUCE
U.S. DISTRICT JUDGE